**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHARLES LEONARD GALLOWAY, #53560-037 | * * * | |
| Plaintiff, | * * | |
| v | * * | Civil Action No.  ELH-16-578 |
| UNITED STATES, | * * | |
| Defendant. | * *** | |

**MEMORANDUM**

Charles Leonard Galloway, the self-represented plaintiff, is a federal inmate designated to FCI-Elkton in Lisbon, Ohio.  He filed suit against the government on February 22, 2016, using a pre-printed 28 U.S.C. §2255 form.  By Order of March 3, 2016 (ECF 3), I granted plaintiff twenty-eight days to clarify his claims.  In my Order, I noted that Galloway had completed portions of the form pertaining to his judgment in Criminal Action No. RDB-10-775 (D. Md.), but that he also included statements that pertain to his medical care and/or conditions of confinement, including his placement "in the hole."  *Id*.  In addition, I noted that the handwritten word "Void" appears on the first page of the § 2255 form.  *Id.*

Because it was unclear too me whether plaintiff intended to filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), or intended to supplement his pending § 2255 motion in RDB-15-2848, or meant to file for other relief,[1] I instructed Galloway to clarify.  If his intention was to file a *Bivens* action, Galloway

---

[1] I cautioned plaintiff that if he failed to clarify his intent within the requisite time, this case was subject to dismissal, without prejudice, and without further notice from the court.

was directed to indicate where the incident(s) he is complaining about occurred, what relief he is requesting, and the names of the individuals he wants to name as defendants.

Galloway has responded to the Order. *See* ECF 4. His response is divided into two paragraphs. The first paragraph is titled "2255 Issue." There, he states: "I need an attorney to do my § 2255 because I had an aneurysm. I forget things. I need help." ECF 4 ¶ 1. In the second paragraph, which is titled "Bivens Issue," Galloway requests $10 million in damages because he was not sent to a hospital in a timely manner after he suffered an aneurysm at FCI-Elkton. He also asks for appointment of counsel to pursue that claim. ECF 4 ¶ 2.

To the extent Galloway intends his filing to serve as a motion for appointment of counsel in Criminal Action No. RDB-10-775, his request must be filed in that case. In any event, the request for counsel is duplicative, because on December 21, 2015, Galloway filed a motion for appointment of counsel in Criminal Action No. RDB-10-775, which mentions his aneurysm. ECF 476. That motion is under review by Judge Bennett. ECF 476.

Galloway's medical care claims, and presumably his complaints as to conditions of his confinement, are premised on incidents that occurred at FCI-Elkton. In a *Bivens* claim, venue is established by 28 U.S.C. § 1391(b); *see also Simpson v. Fed. Bureau of Prisons*, 496 F.Supp.2d 187, 193 (D.D.C.2007) (citing *Stafford v. Briggs*, 444 U.S. 527, 544 (1980)); *Freeman v. Fallin*, 254 F.Supp.2d 52, 57 (D.D.C. 2003) (applying § 1391(b) to a *Bivens* action). Title 28 U.S.C. §1391(b) provides, *id.*:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Therefore, Galloway's *Bivens* claims must be filed in a venue where all the defendants reside, or in the venue where the issue substantially arose. In this case, the acts or occurrences forming the basis of the Complaint occurred in Lisbon, Ohio at FCI-Elkton, a facility located in the Northern District of Ohio, and where Galloway is in custody. There is no basis for venue in the District of Maryland.

Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Because Galloway does not specify when he was provided his medical treatment or "placed in the hole," thereby raising questions about the statute of limitations, I will, in an abundance of caution, transfer this case by separate Order to the United States District Court for the Northern District of Ohio, as to all actions that court shall deem appropriate, including consideration of Galloway's motion to proceed in forma pauperis (ECF 2).[2]


  March 18, 2016              _____/s/_____
Date                          Ellen L. Hollander
                              United States District Judge

---

[2] The United States District Court for the Northern District of Ohio may be contacted at the Thomas D. Lambos Federal Building and U.S. Courthouse, 125 Market Street, Youngstown, Ohio 44503. The telephone number is (330) 884-7400.

3