PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES LEONARD GALLOWAY, ) | |
| ) | CASE NO. 4:16cv680 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| USA, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** |

This *pro se* action against the United States, was originally filed by Plaintiff Charles Leonard Galloway in the District Court for the District of Maryland. The District of Maryland transferred the action to this Court to the extent that Plaintiff purports to allege claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's complaint pertains to medical treatment he received from prison medical staff at FCI Elkton.

Federal district courts are required, pursuant to 28 U.S.C. § 1915A, to screen and dismiss before service any action in which a prisoner seeks redress from a governmental entity that the court determines is frivolous or malicious, or fails to state a claim upon which relief can be granted. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

This action must be summarily dismissed. The Supreme Court has made clear that *Bivens* was intended only to redress constitutional violations committed by individual federal

(4:16cv680)

officials. Claims under *Bivens* cannot be asserted against the United States, the only defendant named in this case.[1] See *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).

Accordingly, Plaintiff's complaint fails to state a claim on which relief may be granted and is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| June 30, 2016 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[1] Plaintiff wrote a letter (ECF No. 10) indicating that he wishes to sue under the Federal Tort Claims Act. The letter was filed on the docket in three cases Galloway has filed arising from the same set of facts: *Galloway v. FCI Elkton Medical Department*, Case No. 4:15-cv-2276, *Galloway v. Warden FCI - Elkton*, Case No. 4:16-cv-572, and the instant case. Out of those three cases, Plaintiff's letter appears only to pertain to *Galloway v. Warden FCI - Elkton*, Case No. 4:16-cv-572. Construing his letter liberally, Plaintiff is apparently referencing the fact that he completed exhausting the administrative remedies that he alleged he had filed. *See Galloway v. Warden FCI - Elkton*, Case No. 4:16-cv-572, ECF No. 1 at PageID #: 3. The letter does not appear to have any significance to the instant case.